UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 17-48618

SHALANA GRADY,                                            Chapter 13

        Debtor.                                       Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

This case is before the Court on a motion filed on July 5, 2017 by the Debtor, entitled "Motion to Extend Automatic Stay" (Docket # 24, the "Motion"). The Court must deny the Motion, because it was not timely filed, and it was filed too late to enable the Court to comply with the 30-day hearing deadline of 11 U.S.C. § 362(c)(3)(B), while still giving proper notice to creditors of the hearing.

Under 11 U.S.C. § 362(c)(3)(B), in order for the Court to extend the automatic stay, a hearing on a motion to extend the automatic stay must be completed within 30 days after the filing of the case. Because of the statute's 30-day hearing deadline, LBR 4001-4(a) (E.D. Mich.) requires that a motion to extend the stay be filed and served within seven days after the bankruptcy petition is filed. LBR 4001-4(a) provides further: "When such a motion is filed, the court will schedule a hearing with a notice to all parties in interest. If the movant has not received a notice of hearing within seven days after filing the motion, the movant may contact the judge's courtroom deputy clerk to obtain a hearing date within the time limit established by law."

Debtor filed her voluntary petition for relief under Chapter 13 in this case on June 8, 2017. Debtor did not file the Motion until July 5, 2017, which was 27 days after the petition date, and therefore 20 days after the deadline to file such a motion expired under LBR 4001-4(a).

This was also less than 3 business days before the 30-day hearing deadline expires on July 10, 2017.[1] Given the Debtor's extremely late filing of the Motion, it is not possible to give creditors sufficient prior notice of the Motion and of the hearing on the Motion, and still hold a hearing no later than July 10, 2017, as the statute requires.[2] Because it is now impossible to schedule and conclude a hearing on the Motion within the required 30-day period, and still give adequate notice of that hearing to creditors, the Motion must be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 24) is denied.

**Signed on July 6, 2017**              /s/ Thomas J. Tucker
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**

---

[1] Because 30 days after the June 8, 2017 petition date is Saturday, July 8, 2017, the deadline is extended until Monday, July 10, 2017. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

[2] The Court notes that the Debtor initially filed a motion to extend the stay on July 3, 2017, which was stricken. (*See* Docket # 21, the "July 3 Motion"). The July 3 Motion suffered from the same timeliness problem, so if it had not been stricken, it would have been denied. The Clerk's office was closed on July 3 and 4, so the earliest a notice of hearing of the July 3 Motion could have been issued was July 5, 2017, less than 3 business days before the 30-day deadline expired. That would not have allowed creditors proper notice of the hearing and still allowed a hearing to be held before day 30 (July 10, 2017).